IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH JOHNSON, JR.,

     Plaintiff,

v.                                  CASE NO. 1:17-cv-87-MW-GRJ

SADDIE DARNELL, et al.,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on ECF No. 29, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff filed a response, ECF No. 34, and the motion is therefore ripe for review. For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted for failure to state a claim upon which relief may be granted and based on qualified immunity.

## I.  INTRODUCTION

Plaintiff, a *pro se* non-prisoner litigant, initiated this case in April 2017 by filing a *pro se* complaint under 42 U.S.C. § 1983, asserting claims for defamation, false arrest, fabrication of evidence, malicious prosecution, and *Monell* claims against four defendants. ECF No. 1. After direction from

the Court, Plaintiff filed two amended complaints in an attempt to sufficiently state  claims against Defendants. ECF Nos. 6, 8.

Plaintiff's second amended complaint purports to raise claims for malicious prosecution, fabrication of evidence, due process violations, failure to intervene, defamation, and false imprisonment against Alachua County Deputies Daniel Orlando Cruz and Victor Pino Diaz, as well as a *Monell* claim against Sheriff Sadie Darnell.[1] As relief, Plaintiff requests $7,000,000 in general damages and $1,000,000 in punitive damages against the deputies. ECF No. 8.

The following facts alleged in the second amended complaint provide the background for Plaintiff's claims.[2]  On May 20, 2016, Deputy Cruz was on foot patrol when he observed a white Toyota Camry fail to come to a complete stop. He then conducted a traffic stop and spoke with the driver,

---

[1] Plaintiff also named the Alachua County Sheriff's Department and Alachua County as defendants in this case, but because Plaintiff named Sheriff Darnell in her official capacity, the Court declined to serve them. ECF No. 11 at 1 n.1.

[2] In addition to the factual allegations asserted in Plaintiff's second amended complaint, the Court may take judicial notice of public court filings "without converting the motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (noting that the district court "properly took judicial notice" of documents filed in another case because such documents "were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting that the district court may take judicial notice of public records at the dismissal stage). Accordingly, various background facts obtained from public court filings are also included to present a more comprehensive picture and analysis.

who then began to get his license from his wallet. The driver then began to

slowly drive away and eventually accelerated away from Deputy Cruz. After

the driver abandoned his vehicle, a Florida Driver's License was located on

top of the center console of the vehicle, which had Plaintiff's name. Two

officers (unnamed in the affidavit) also identified Plaintiff based on their

contact with him during the traffic stop. Plaintiff was then charged by Sworn

Complaint with fleeing and eluding. *See State of Fla. v. Johnson*, No. 01-

2016-CF-001808-A (Alachua County Ct.) (Sworn Complaint Affidavit); ECF

No. 29-1.

An Information was then filed on June 15, 2016, charging Plaintiff

with fleeing or attempting to elude, and a capias was issued for Plaintiff's

arrest. Plaintiff was arrested on this warrant on August 1, 2016. But on

November 18, 2016, the State of Florida entered a nolle prosequi after

determining that Plaintiff did not commit the charges as alleged. *See State

of Fla. v. Johnson*, No. 01-2016-CF-001808-A (Alachua County Ct.)

(Information; Capias; Arrest Form; Case Action Report: Nolle/No Info

Filed); ECF No. 29-1.

According to Plaintiff, Deputy Cruz and Deputy Pino-Diaz falsely

identified him and then falsely imprisoned him and maliciously prosecuted

him for fleeing and eluding without probable cause and when the Florida

statutory elements for the crime were not met. Plaintiff says that the

deputies acted with malice and willful indifference to his constitutional

rights, particularly with regard to fabricating false sheriff reports and

evidence as well as failing to conduct a full investigation by failing to check

for fingerprints inside the abandoned vehicle. Plaintiff additionally alleges

that this conduct was the result of policies and practices of the Alachua

County Sheriff's Department and a failure to train officers. Based upon

their wrongful accusation, Plaintiff says he appeared on the Alachua

County Most Wanted list for a crime he did not commit. ECF No. 8 at 7–16.

## II. STANDARD OF REVIEW

Determining whether a complaint should be dismissed under Rule

12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim

upon which relief may be granted turns on whether the plaintiff has alleged

sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ("To

survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

This pleading standard is flexible, in line with Rule 8's requirement to provide fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. And "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Further, although "a *pro se* litigant is required to comply with the rules of procedure," *Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014), the Eleventh Circuit has stated that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *LaCroix v. Western Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)).

## III.  DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed for the following reasons. First, Defendants argue that Plaintiff's complaint should be dismissed as is an impermissible shotgun pleading. Second, Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff failed to allege facts to support any of his claims against any Defendant and because he was arrested pursuant to a valid capias. Lastly, Defendants Cruz and Pino-Diaz argue that they are entitled to qualified immunity.

### A.  Plaintiff's *pro se* complaint, although imperfect, does not constitute an impermissible shotgun pleading.

Defendants first argue that Plaintiff's complaint should be dismissed as an impermissible shotgun pleading. More specifically, they state that Plaintiff does not specify which count is brought against which Defendant and that the first paragraph of each Count incorporates each prior paragraph of the complaint. Additionally, Defendants state that Plaintiff's counts are actually the re-framing of the same allegations as separate causes of action. They also state that they are unable to determine which claims Plaintiff intends to bring and against whom. Lastly, they argue that Plaintiff's complaint does not contain a short and plain statement of the

claims as required by Rule 8(a), so it should be dismissed. ECF No. 29 at

3–4.

> The Eleventh Circuit has identified four types of shotgun pleadings:
>
> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th

Cir. 2015). Regardless of the type of shotgun pleading, "[t]he unifying

characteristic of all types of shotgun pleadings is that they fail to one

degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which

each claim rests." *Id.* at 1323.

Plaintiff's complaint is imperfect, but because he is a *pro se* litigant

this Court must liberally construe his claims. While it is true that each of

Plaintiff's counts starts with, "Each of the paragraphs of this Complaint is incorporated as if restated fully here in," each count also includes the facts relevant to that particular claim. As a result, Defendants are not left guessing which facts form the basis of each count.

Additionally, although Plaintiff does not specifically state which Defendant is responsible for which conduct, there are only three Defendants in this case—two deputies and the Alachua County Sheriff. The majority of the counts specifically state that Plaintiff is bringing the claim against "the Defendant Deputies," which clearly refers to Defendants Cruz and Pino-Diaz. The only other claim is Plaintiff's *Monell* claim, which is obviously brought against the Alachua County Sheriff in her official capacity, as she is the only proper defendant for Plaintiff's *Monell* claim. Thus, each Defendant is able to discern which counts are brought against them.

The Court, therefore, cocncludes that Plaintiff's complaint, although imperfect, provides Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Accordingly, the Court declines to dismiss Plaintiff's complaint as an impermissible shotgun pleading.

**B. Plaintiff's factual allegations are insufficient to state a claim for false imprisonment, false arrest, fabrication of evidence, due process violations, and malicious prosecution.**

Defendants next argue that Plaintiff has provided insufficient factual allegations to support his claims for relief. More specifically, Defendants argue that there are insufficient facts to plausibly establish that the Defendant Deputies lacked probable cause for Plaintiff's arrest, maliciously sought his prosecution, or fabricated false evidence. Further, with regard to the fabrication of evidence, Defendants argue that Plaintiff failed to identify what evidence was allegedly fabricated. Ultimately, they state that "[t]he complete absence of specific factual allegations to support the claims in Plaintiff's Second Amended Complaint require its dismissal." ECF No. 4 at 4–7.

The central claims in Plaintiff's complaint involve his allegedly false arrest resulting from the fabrication of evidence. "An arrest without probable cause violates the Constitution and provides a basis for a Section 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Williams v. Allen*, No. 6:17cv00242-ORL-31DCl, 2017 WL 1653744, at *4–*5 (M.D. Fla. May 2, 2017) (citing *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010)). Additionally, "an arrest and detention

pursuant to a facially valid warrant will not support a false arrest or false imprisonment claim." *Id.*

When the named defendants are not the arresting officers, as is the case here, "the plaintiff must show that the defendants knowingly provided false, material information leading to the plaintiff's arrest and detention." *Id.* (citing *Mead v. McKeithen*, 571 F. App'x 788, 791 (11th Cir. 2014) ("[W]here falsified evidence provided by an officer is necessary to substantiate the probable cause for a plaintiff's arrest, that officer can be held liable.")). "Therefore, Plaintiff must sufficiently allege that the warrant was not facially valid, or that (1) Defendants—as the non-arresting officers—intentionally or recklessly made false statements or omissions in procuring the arrest warrant, and (2) that said false statements or omissions were necessary to the finding of probable case." *Id.* (citing *Holland v. City of Auburn, Ala.*, 657 F. App'x 899, 903 (11th Cir. 2016)).

With regard to whether there was facial validity for the procurement of the warrant, Defendants assert that "Plaintiff essentially argues that there was no probable cause for his arrest because he 'did not commit' the crime for which he was charged, and the State Attorney's Office dismissed the charges." But, they argue, "[t]his is insufficient to overcome the fact that he was arrested pursuant to a facially valid capias." ECF No. 29 at 8–9.

The record in Plaintiff's state-court case reflects that a capias was issued based on a sworn affidavit from Deputy Cruz. According to the affidavit, a driver's license with Plaintiff's name on it was found in the abandoned car, and the picture on the license looked like the individual stopped by Deputy Cruz. As a result, the capias for Plaintiff was issued. *See State of Fla. v. Johnson*, No. 01-2016-CF-001808-A (Alachua County Ct.) (Sworn Complaint Affidavit; Capias); ECF No. 29-1.

Because there was a facially valid capias, to state a claim for false arrest against Defendants he must allege that Defendants intentionally or recklessly made false statements or omissions in procuring the arrest warrant and that the false statements were necessary to the finding of probable cause. In Plaintiff's complaint, however, he states only that Defendants Cruz and Pino-Diaz fabricated evidence, including false sheriff reports and other statements. According to Plaintiff, they knowingly fabricated this evidence to affect the determination of whether there was probable cause. Further, Plaintiff says that this fabricated evidence resulted in his false arrest and false imprisonment. ECF No. 8.

Although Plaintiff alleges that the Defendant Deputies fabricated evidence and statements, in the form of false sheriff reports, Plaintiff does not identify what false information was put in the reports or why that

information was false. Rather, Plaintiff has presented nothing more than conclusory statements about false evidence, statements, and reports. Plaintiff, therefore, has failed to allege fact demonstrating that Defendants intentionally or recklessly made false statements or omissions in procuring the arrest warrant and that the false statements were necessary to the finding of probable cause.

Accordingly, Plaintiff's claims for false arrest, false imprisonment, due process violations, and fabrication of evidence based on this set of facts are due to be dismissed for failure to state a claim upon which relief may be granted. *Cf. Williams*, 2017 WL 1653744, at *4–*5 (dismissing a false arrest claim where the plaintiff failed to "present any factual allegations regarding the nature of the alleged 'false facts' or why such facts were false").

Defendants also argue that Plaintiff failed to allege sufficient facts to establish a claim for malicious prosecution. "To establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003), *cert. denied*, 540 U.S. 879

(2003)).

> Under Florida law, a plaintiff must establish each of six
> elements to support a claim of malicious prosecution: (1) an
> original judicial proceeding against the present plaintiff was
> commenced or continued; (2) the present defendant was the
> legal cause of the original proceeding; (3) the termination of the
> original proceeding constituted a bona fide termination of that
> proceeding in favor of the present plaintiff; (4) there was an
> absence of probable cause for the original proceeding; (5)
> there was malice on the part of the present defendant; and (6)
> the plaintiff suffered damages as a result of the original
> proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002)

(citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986))). "The

failure of a plaintiff to establish *any one* of these six elements is fatal to a

claim of malicious prosecution." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632

So. 2d 1352, 1355 (Fla. 1994) (emphasis added).

With regard to the element requiring a plaintiff to establish that a

police officer was the legal cause of the original proceeding, a plaintiff must

show that the officer had something to do with the decision to prosecute or

that the officer improperly influenced that decision. *Williams v. Miami-Dade

Police Dep't*, 297 F. App'x 941, 947 (11th Cir. 2008). "The intervening acts

of the prosecutor . . . judge, and jury—assuming that these court officials

acted without malice that caused them to abuse their powers—each break

the chain of causation unless plaintiff can show that these intervening acts

were the result of deception or undue pressure by the defendant

policemen." *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989); *see*

*Eloy v. Guillot*, 289 F. App'x 339, 340–42 (11th Cir. 2008) (plaintiff

established a § 1983 claim where the arresting officer allegedly fabricated

evidence against plaintiff); *Williams*, 297 F. App'x at 947 (police officer's

alleged act of fabricating evidence, which resulted in the prosecutor being

presented with false and misleading evidence, satisfies the common law

element that the officer was the legal cause of the original prosecution).

But, as discussed above, Plaintiff failed to allege any facts

concerning the substance of the evidence or information that Defendants

fabricated. As a result, Plaintiff has failed to allege that Defendants were

the legal cause of the proceeding, as required. *See Hill v. Lee Cty. Sheriff's*

*Office*, No. 2:11-cv-242-FTM-29, 2013 WL 4080323, at *3 (M.D. Fla. Aug.

13, 2013) ("[T]he general rule is that if the defendant merely gives a

statement to the proper authorities, leaving the decision to prosecute

entirely to the uncontrolled discretion of the officer . . . the defendant is not

regarded as having instigated the proceeding.").

Because Plaintiff failed to allege sufficient facts to satisfy all the

elements for a malicious prosecution claim, Plaintiff's malicious

prosecution claim is also due to be dismissed. *See Williams*, 2017 WL

1653744, at *5–6 (dismissing Plaintiff's malicious prosecution claim for failure to state a claim where "Plaintiff [did] not allege any facts concerning the form or substance of the evidence or information she claims Defendants fabricated").[3]

## C.  Defendants Cruz and Pino-Diaz are entitled to qualified immunity.

Lastly, Defendants Cruz and Pino-Diaz argue that they are entitled to qualified immunity. Specifically, the Defendant Deputies contend that they acted reasonably in preparing a warrant affidavit for Plaintiff's arrest based on their positive identification of Plaintiff after finding Plaintiff's driver's license in the abandoned car. Further, they assert that Plaintiff has failed to show that qualified immunity is inappropriate. ECF No. 29 at 9–11.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once defendants establish they were performing discretionary functions, the burden shifts to the plaintiff to show that qualified immunity is

---

[3] Because Plaintiff has failed to state a claim for malicious prosecution, fabrication of evidence, due process violations, false imprisonment, and false arrest, it follows that Plaintiff has failed to state a claim for failure to intervene to prevent any of that same conduct because he has failed to state a claim that any of his rights were actually violated, which would have warranted intervention.

not appropriate. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)). Qualified immunity protects mistaken judgements but does not shield the plainly incompetent. *Malley v. Briggs*, 475 U.S. 335, 343 (1986).

It is undisputed that Defendants Cruz and Pino-Diaz, deputies of the Alachua County Sheriff's Office, were governmental officials. Additionally, it is undisputed that preparing a warrant affidavit constitutes a discretionary function of these deputies. Because Defendant Deputies were governmental officials performing discretionary functions at all relevant times, the burden shifts to Plaintiff to show that qualified immunity is not appropriate.

To determine whether qualified immunity is appropriate, a court must consider two factors: (1) whether the alleged facts show the officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Person v. Callahan*, 555 U.S. 223, 236 (2009). A district court is entitled to exercise its sound discretion in deciding which prong of this inquiry to address first. *Id.* at 236.

As discussed above, Plaintiff has failed to show that the Defendant Deputies violated his constitutional rights because he has failed to state a claim for false arrest, false imprisonment, fabrication of evidence, and

malicious prosecution against them. But even if Plaintiff had sufficiently alleged a claim for false arrest against the Defendant Deputies, they would still be entitled to qualified immunity.

An officer who causes an unconstitutional arrest by applying for an arrest warrant is entitled to qualified immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley*, 475 U.S. at 344–45. "[T]he appropriate standard for an allegation of unlawful arrest is whether 'a reasonably well-trained officer in [defendant's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" *Tillman v. Coley*, 886 F.2d 317, 320 (11th Cir. 1989) (quoting *Garmon v. Lumpkin Cty., Georgia*, 878 F.2d 1406, 1410 (11th Cir. 1989)).

In this case, Plaintiff has failed to show that the warrant application was lacking in any facts establishing probable cause or that a reasonable officer in Defendants' position should not have applied for the warrant because he would have known that the affidavit failed to establish probable cause. To the contrary, the warrant affidavit reflects that Defendant Deputies believed probable cause existed to file an affidavit to arrest Plaintiff based on their interactions with the driver on scene and the

existence of Plaintiff's driver's license found in the abandoned car.[4]

Accordingly, the Court concludes that the Defendant Deputies are entitled to qualified immunity because their mistake in misidentifying Plaintiff based on his driver's license located in the vehicle and the similarities between the picture on the driver's license and the driver they briefly interacted with at the scene was reasonable and constituted sufficient probable cause in the warrant affidavit for the issuance of an arrest warrant. *See Rodriguez v. Farrell*, 280 F.3d 1341, 1347 (11th Cir. 2002) (finding that a mistake is reasonable when the suspect and the plaintiff have critical characteristics in common); *see also Towns v. Beseler*, No. 3:15-cv-140-J-34JBT, 2016 WL 5933400, at *7 (M.D. Fla. Oct. 12, 2016) (finding that a mistake is reasonable when the officer relies on trustworthy information, such as a valid ID, when writing an affidavit).

Plaintiff, however, argues there are two reasons supporting his claim that Deputies Cruz and Pino-Diaz unlawfully arrested him and deprived him of liberty without probable cause. First, he asserts that they filed their reports regarding the underlying crime despite the fact that they knew (or

---

[4] Notably, Plaintiff does not argue that he does not look anything like the individual who actually committed the crime; a fact which if true could be used to show that Defendants did not actually have sufficient evidence or probable cause to seek an arrest warrant.

should have known) that the statutory requirements of the crime were not met. Specifically, he says they acknowledged in the reports that they were on foot patrol and not in an authorized law enforcement patrol vehicle, which is required by Florida statute to charge someone with fleeing and eluding a law enforcement officer. ECF No. 34 at 3–4.

Plaintiff's argument suffers from a fundamental flaw in his interpretation of Florida law.  Under the relevant statute for the charge listed in the warrant affidavit, "it is unlawful for the operator of a vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle." *See* Fla. Stat. § 316.1935(1). It does not state the officer must be in an authorized law enforcement patrol car. Thus, it makes no difference whether Deputies Cruz and Pino-Diaz were in a patrol vehicle. Deputies Cruz and Pino-Diaz therefore are entitled to qualified immunity.

Second, Plaintiff argues Deputies Cruz and Pino-Diaz unlawfully arrested him and deprived him of liberty without probable cause when they acted negligently in failing to take extra steps to confirm that he was the driver of the car during the alleged fleeing and eluding. For example, Plaintiff says that the officers should have obtained fingerprints from the vehicle, which would have shown that Plaintiff was not the driver, or they

should have attempted to contact him. Plaintiff also argues that the license with his name on it should not have been used as supporting evidence in the report because it was thirteen years old. ECF No. 34 at 4–6.

But the fact that the Defendant Deputies could have done more and did not do so is insufficient to show that they fabricated evidence or that they did not have probable cause to support an arrest warrant. "Although the law does not require 'that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person,' due process does require that some steps be taken to eliminate doubts concerning identity that exist prior to obtaining the warrant and arrest." *Tillman*, 886 F.2d at 321 (quoting *Baker v. McCollan*, 443 U.S. 137 (1979)).

Here, Deputies Cruz and Pino-Diaz had no reason to question Plaintiff's identity prior to obtaining the warrant because they found Plaintiff's driver's license in the car and because they reasonably believed that the driver of the vehicle was the same person pictured in the driver's license based on their limited interaction with him. Because the Deputies had sufficient evidence based on the license and their identification of the driver, the Deputies had no reason to take additional steps to confirm Plaintiff's identity, nor were they required to. Deputy Cruz and Pino-Diaz's mistake in misidentifying Plaintiff was not so unreasonable or plainly

incompetent to deny them qualified immunity, particularly where the Deputies found a driver's license with Plaintiff's picture on it in the case, and the picture matched the identify of the individual with whom the Deputies first encountered when they initiated the traffic stop.

Because Deputies Cruz and Pino-Diaz were government officials performing discretionary functions and because Plaintiff failed to allege sufficient facts to show that Deputies Cruz and Pino-Diaz violated any of Plaintiff's constitutional rights, Plaintiff has failed to meet the burden of showing that qualified immunity is inappropriate in this case. The Court, therefore, need not consider whether the right was clearly established. Accordingly, Defendants Cruz and Pino-Diaz are entitled to qualified immunity.

**D. Plaintiff's *Monell* and defamation claims should be dismissed.**

In addition to the claims addressed by Defendants' in their motion to dismiss, Plaintiff also purports to bring a *Monell* claim against Alachua County Sheriff Sadie Darnell in her official capacity and a defamation claim against Deputies Cruz and Pino-Diaz. These claims are also due to be dismissed for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's *Monell* claim, Plaintiff conclusionally alleges that Alachua County and the Alachua County Sheriff maintain policies and

practices that include a failure to adequately train, supervise, and discipline

deputies. Plaintiff says that the fabrication of evidence and the failure to

dismiss the false charges against Plaintiff took place pursuant to such

policies of the Alachua County Sheriff's Office. ECF No. 8 at 14. Plaintiff

offers no details or facts identifying the training which was not provided or

what supervision and discipline Sheriff Darnell failed to provide.

Under  § 1983, a local governing body—such as Alachua County,

which is responsible for the Alachua County Sheriff's Office—can be sued

only where "the action that is alleged to be unconstitutional implements or

executes a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that body's officers." *Monell v. Dep't of Soc.*

*Sec. of City of New York*, 436 U.S. 658, 690 (1978). To state a *Monell*

claim, a plaintiff must show: "(1) that his constitutional rights were violated;

(2) that the municipality had a custom or policy that constituted deliberate

indifference to that constitutional right; and (3) that the policy or custom

caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir.

2004).

As discussed at length above, Plaintiff has failed to establish the first

element of a *Monell* claim because he has failed to show that his

constitutional rights were violated. It follows that because Plaintiff has

failed to state a claim that his constitutional rights were violated, Plaintiff cannot establish that Sheriff Darnell maintained policies that constituted a deliberate indifference to his constitutional rights. Thus, Plaintiff's *Monell* claim is due to be dismissed for failure to state a claim.

Lastly, with regard to Plaintiff's defamation claim, Plaintiff says that Deputy Cruz and Diaz-Pinero's fabrication of evidence and false arrest and imprisonment of Plaintiff resulted in the defamation of his character. Specifically, he says that their misconduct resulted in the posting of his name and picture on Alachua County's Most Wanted list for a crime that he did not commit. ECF No. 8 at 15.

"Defamation encompasses both libel and slander . . . . Slander is ordinarily confined to defamatory spoken words, whereas libel pertains to defamatory written statements." Under Florida law, a claim for defamation requires that (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff." *Bass v. Rivera*, 826 So. 2d 534, 535 (Fla. Dist. Ct. App. 2002); *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 & n.11 (S.D. Fla. 2006).

Plaintiff's defamation claim against the Defendant Deputies fails for two reasons. First, Plaintiff has failed to allege that the Defendant Deputies

were responsible for publishing a false statement. Instead, he says that

their conduct *resulted in* the publication of his name and picture on

Alachua County's Most Wanted list. Because he has not alleged that the

Defendant Deputies had anything to do with actually publishing the

pictures, Plaintiff has not adequately stated a defamation claim against

them.

Second—and fatal to any claim of defamation—Plaintiff has failed to

allege that any false statement was published about him. He only alleges

that his picture was published on the most wanted list. True statements

and statements that are not readily capable of being proven false are

protected from defamation action. *Turner v. Wells*, 879 F.3d 1254, 1262

(11th Cir. 2018) (citing *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711,

714–15 (11th Cir. 1985)). The problem with Plaintiff's claim is that Alachua

County's Most Wanted list contains information on individuals with

outstanding warrants. In this case, it is undisputed that there was a warrant

issued for Plaintiff's arrest.  Therefore the publication of information that

there was a warrant for Plaintiff's arrest is not, as a matter of law, a false

statement.

In sum, because Plaintiff has failed to allege facts sufficient to show

that the Defendant Deputies were responsible for the publication of a false

statement about Plaintiff, Plaintiff's claim for defamation fails to state a

claim upon which relief may be granted. Accordingly, Plaintiff's defamation

claim should be dismissed.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 29, should be **GRANTED**, and Plaintiff's complaint, ECF No. 8, should be **DISMISSED**.

**IN CHAMBERS** this 13th day of July 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**